IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

LILIAN ORELLANA
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

    Plaintiff,

v.

DON POLLO OF BETHESDA, INC.
d/b/a DON POLLO
6900 Wisconsin Avenue, Suite 702
Chevy Chase, MD 20815
(Montgomery County)

FARZIN SHARGHI NAMIN
9225 Potomac School Drive
Rockville, MD 20854
(Montgomery County)

    Defendants.

Civil Action No. _____

# COMPLAINT

1.     While Plaintiff worked at Defendants' Peruvian chicken restaurant, Defendants failed to pay Plaintiff overtime wages for her overtime hours.

2.     Plaintiff brings this action against Don Pollo of Bethesda, Inc. and Farzin Sharghi Namin ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because all of the parties reside in this district and division, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

### Parties

5.  Plaintiff Lilian Orellana is an adult resident of Montgomery County, Maryland.

6.  Defendant Don Pollo of Bethesda, Inc. is a Maryland corporation. It does business as Don Pollo. Its principal place of business is located at 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815. Its resident agent for service of process is Farzin Namin, 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815.

7.  Defendant Farzin Sharghi Namin is an adult resident of Maryland. He resides at 9225 Potomac School Drive, Rockville, MD 20854. He is an owner and officer of Defendant Don Pollo of Bethesda, Inc. He exercises control over the operations of Don Pollo of Bethesda, Inc. — including its pay practices.

### Factual Allegations

8.  Defendants own and operate Don Pollo, a restaurant located at 7007 Wisconsin Avenue, Chevy Chase, Maryland, 20815.

9.  Plaintiff worked at Don Pollo from 2009 through approximately August 12, 2020. However, Plaintiff took brief leaves of absence from March 22, 2020 to May 1, 2020, and from May 31, 2020 to July 6, 2020.

10. Plaintiff worked at Don Pollo as a kitchen laborer.

11.  Plaintiff's job duties at Don Pollo primarily consisted of preparing and cooking food, delivering food to customers, and cleaning the kitchen area.

12.  Before approximately March 22, 2020,

   i.  Plaintiff typically and customarily worked six to seven days per week;

   ii.  Plaintiff typically and customarily worked Monday through Saturday, and every other Sunday;

   iii.  When Plaintiff worked a six-day week, she typically worked fifty-three hours in that week;

   iv.  When Plaintiff worked a seven-day week, she typically and customarily worked sixty-five and a half hours in that week;

   v.  Defendants paid Plaintiff a semimonthly salary; and

   vi.  Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
| --- | --- | --- |
| Sep. 01, 2017–Nov. 30, 2018 | $1,875.00 | $14.54 |
| Dec. 01, 2018–Dec. 25, 2019 | $1,750.00 | $13.57 |
| Jan. 06, 2020–Mar. 22, 2020 | $1,615.38 | $12.53 |

13.  From approximately May 1, 2020 through August 12, 2020, Defendants paid Plaintiff by the hour at approximately the following rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| May 01, 2020 – May 30, 2020 | $13.00 |
| Jul. 06, 2020 – Aug. 12, 2020 | $15.00 |

14.  At all relevant times, Defendants paid Plaintiff by check.

15.  Before approximately March 22, 2020, Plaintiff typically and customarily worked more than forty hours per workweek for Defendants. Only after this date did Plaintiff stop working more than forty hours per workweek.

3

16.     Before approximately March 22, 2020, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

17.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $18,781.09 in overtime wages (excluding liquidated damages).

18.     Defendant Farzin Sharghi Namin set Don Pollo's hours of operations.

19.     Defendant Farzin Sharghi Namin participated in the decision to hire Plaintiff.

20.     Defendant Farzin Sharghi Namin participated in the decision to set Plaintiff's schedule.

21.     Defendant Farzin Sharghi Namin participated in the decision to set Plaintiff's rate and manner of pay.

22.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

23.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

24.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

25.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

26.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

27.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

28.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

29.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

30. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

31. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

32. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

33. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

34. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

35. Defendants' violations of the FLSA were willful.

36. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

37. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

38. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

39. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

40. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

41. Defendants' violations of the MWHL were willful.

42. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

43. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

44. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

45. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

46. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

47. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

48. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

49.     Defendants' violations MWPCL were willful.

50.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$60,915.67** and grant the following relief:

a.  Award Plaintiff $56,343.27 consisting of the following overlapping elements:

   i.   unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii. three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.  Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.  Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $4,172.40);

d.  Award Plaintiff court costs (currently, $400.00); and

e.  Award any additional relief the Court deems just.

Date: September 25, 2020					Respectfully submitted,

							/s/ Justin Zelikovitz
							JUSTIN ZELIKOVITZ, #17567
							DCWAGELAW
							519 H Street NW
							Washington, DC 20001
							Phone: (202) 803-6083
							Fax: (202) 683-6102
							justin@dcwagelaw.com

							*Counsel for Plaintiff*