EXHIBIT

A

exhibitsticker.com

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "**Agreement**") is entered into by and between Lilian Orellana (hereinafter "**Plaintiff**"), on the one hand, and Don Pollo of Bethesda, Inc., and Farzin Sharghi Namin (hereinafter "**Defendants**"), on the other hand, on April 6, 2021, in accordance with the following Recitals, Terms, and Conditions:

## RECITALS

WHEREAS, Plaintiff alleges that she was formerly an employee of Defendants;

WHEREAS, Plaintiff has alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

WHEREAS, Plaintiff filed a lawsuit captioned Orellana v. Don Pollo of Bethesda, Inc., et al., Case No. 8:20-cv-02795-PWG (hereinafter the "**Lawsuit**"), which Lawsuit and its claims are hereinafter collectively referred to as "**those Certain Claims**";

WHEREAS, Defendants deny all allegations of those Certain Claims; and

WHEREAS, the parties have agreed to resolve all of their respective differences regarding the Lawsuit, those Certain Claims, and any claims regarding the employment of Plaintiff.

**WITNESSETH NOW, THEREFORE**, Plaintiff and Defendants agree as follows:

## SETTLEMENT TERMS AND CONDITIONS

### 1. CONSIDERATION

Defendants agree to pay the total sum of $17,166.67, which payment is the full monetary consideration for this Agreement. Timely payment is a material term of this settlement agreement. Payments shall be made as follows, and delivered to DCWageLaw via wire transfer:

| **Received by:** | **Payable to:** | **Amount:** |
|---|---|---|
| April 20, 2021 | "DCWageLaw" | $17,166.67 |

### 2. SCOPE OF RELEASE

Plaintiff acknowledges and agrees that the acceptance and receipt of such consideration as described in Paragraph 1 terminates all controversies of any nature whatsoever between Plaintiff and Defendants as of the date of this Agreement, including but not limited to the Lawsuit and those Certain Claims, or any other claims relating in any way to Plaintiff's employment with Defendants. Counsel for Plaintiff agrees to file a Stipulation of Dismissal with prejudice of the Lawsuit within five (5) business days of the delivery of the payment described in Paragraph 1 of this Agreement.

**3. RELEASE**

In exchange for the acceptance and receipt of such consideration as described in Paragraph 1, and for other good and valuable consideration, each Party, for itself and its respective past, present or future predecessors, successors and assigns, parent entities, subsidiaries, affiliates, insurers, independent contractors, attorneys, servants, agents, and employees, personal representatives, heirs and assigns, hereby releases, holds harmless, and forever discharges all other Parties to this Agreement and their respective past, present or future, predecessors, successors and assigns, parent entities, subsidiaries, affiliates, insurers, independent contractors, attorneys, servants, agents, and employees, personal representatives, heirs and assigns, from any and all claims, causes of action, suits, damages, expenses, costs, tax liabilities, attorney's fees and liabilities of every kind or nature whatsoever, whether direct or indirect, known or unknown, suspected or unsuspected, claimed or concealed, contingent or non-contingent, as of the date of this Agreement.

The claims, complaints, and causes of action released above include, but are not limited to the Lawsuit, any claims Plaintiff or Defendants may have relating in any way to Plaintiff's employment with Defendants, including without limitation any and all claims that Plaintiff might have arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, and any other applicable federal, state, local, munic-

ipal, constitutional, or civil rights law, any common law, employment law, statutes, wrongful discharge statutes or rights of actions, human rights, rules, ordinances, and laws, as amended. However, the parties agree that this Agreement shall not be construed to waive any claims, such as workers compensation or unemployment insurance, that cannot be waived by law.

**4. NO ADMISSION OF LIABILITY**

Plaintiff acknowledges and understands that Defendants expressly deny any and all liability of each and every sort to Plaintiff and expressly deny any legal responsibility to Plaintiff that was not fulfilled. It is further expressly understood and agreed by Plaintiff that this Agreement is made for purely economic reasons to terminate any and all disputes of any nature whatsoever between Plaintiff and Defendants as of the date of this Agreement, including but not limited to any controversies relating in any way to Plaintiff's employment with Defendants. Plaintiff understands and agrees that neither the payment of any sums of money nor this Agreement shall constitute or be construed as an admission of any liability on the part of Defendants, who expressly deny any wrongdoing or liability of any kind.

**5. CONFIDENTIALITY**

Plaintiff agrees to treat the negotiation of this Agreement as **absolutely secret and confidential**, unless legally obligated to disclose such information through means of a subpoena or court order, or unless such disclosure is necessary for income tax purposes or for payment of any liens. If a third party, excluding any immediate family member, inquiries about the status or result of

this matter, the Parties agree to respond only that, "the matter was resolved." The Parties agree that in the event that either of them receives a subpoena or other legal demand for production of the Agreement or disclosure of its terms, the receiving Party shall promptly inform the other Parties, within ten (10) days, to give those Parties a chance to file an opposition or objection to such production or disclosure before the receiving Party complies with the subpoena or other legal request.

**6. WARRANTIES**

Plaintiff expressly agrees that this Agreement contains a full settlement and is fair, adequate, and reasonable. Plaintiff understands that this settlement is intended to resolve all disputes of any nature between Plaintiff and Defendants as of the date of this Agreement.

Plaintiff warrants that she has full knowledge of the terms, conditions, and effect of this Agreement and of Plaintiff's obligations under this settlement. Plaintiff acknowledges that the terms of this Agreement are contractual and that no representations of fact or law or warranties concerning the same have been made to Plaintiff by Defendants. Plaintiff warrants that no other promise or inducement has been made or offered to Plaintiff, except as set forth in this Agreement, and warrants that this Agreement is executed without reliance upon any statements other than those contained herein.

In accepting the terms of this Agreement, Plaintiff represents that she has carefully read and understand the terms of this Agreement, and Plaintiff signs this Agreement of her own free will.

**7. CHOICE OF LAW AND FORUM**

This Agreement shall be governed and construed in accordance with the laws of Maryland.

**8. VENUE**

Any legal suit, action, or proceeding arising out of or based upon this Agreement shall be instituted in the State of Maryland or the courts of the State of Maryland, in the County where the party against whom the action to enforce is filed is living, working, or conducts business, and each party irrevocably submits to the jurisdiction of such courts in any such suit, action, or proceeding. Service of process, summons, notice, or other document by certified mail in accordance with the Maryland Rules of Civil Procedure, Rule 2-126 (a) shall be effective service of process for any suit, action, or other proceeding brought in any such court. The parties irrevocably and unconditionally waive any objection to venue of any suit, action, or proceeding in such courts and irrevocably waive and agree not to plead or claim in any such court that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum.

**9. CONSTRUCTION**

The terms of this Agreement are not to be construed against the party preparing it but are to be construed as if all of the parties hereto prepared it. If any provision of this Agreement is determined to be invalid or unenforceable, the parties hereto agree that the invalid or unenforceable provisions shall be

modified to the extent reasonably necessary to preserve the rights and obligations of the parties and the terms of this Agreement.

**10. ATTORNEY'S FEES AND COSTS**

If any party sues the other for enforcement or breach of this Agreement, the prevailing party shall receive its reasonable attorney's fees and costs for pursuing or defending said action. Attorney's fees will be computed pursuant to the *Laffey* matrix, maintained by the U.S. Attorney for the District of Columbia, and approved in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983) and updated to account for the current market hourly rates for attorney's services.

**11. SIGNATURE IN COUNTERPARTS**

This Agreement may be signed in any number of counterparts. Each counterpart will be considered an original. Together, all counterparts form one single document.

**IN WITNESS WHEREOF**, we, Lilian Orellana; Farzin Sharghi Namin; Don Pollo of Bethesda, Inc., set our hands and seals, evidencing our respective agreement to all of the terms of this Agreement.

4/6/2021 ______________________ ID SmAW8zismFCTmGcn5nEWEwcU ______________________ (SEAL)

Date Lilian Orellana

04/ 06/ 2021
Date

[signature] (SEAL)
Farzin Sharghi Namin

04 /06 / 2021
Date

[signature] (SEAL)
Don Pollo of Bethesda, Inc.

By: FARZIN NAMIN

Title: PRESIDENT